IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAMACIO ANDRADE-CASTANEDA, ) <br> ID # 31237-177, ) <br> Movant, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> Respondent. ) | No. 3:09-CV-630-P <br> No. 3:03-CR-295-P(01) |

## MEMORANDUM OPINION AND ORDER

The Court has under consideration a Motion to Vacate, Set Aside, or Correct Sentence brought by movant pursuant to 28 U.S.C. § 2255. The respondent is the United States of America ("the government").

## I. BACKGROUND

In a four count superseding indictment filed February 18, 2004, the government charged movant and eight codefendants with various offenses.[1] (Indictment, doc. 138).[2] Movant pled not guilty (doc. 32), and a jury trial was held on May 10-14, 2004. (Minute Entry, doc. 190, 196-199). The jury found movant guilty of all charged offenses.. (Minute Entry, doc. 201). On August 20, 2004, the Court entered judgment against movant and sentenced him to 240 total months imprisonment, followed by three years' supervised release. (Judgment, doc. 244).

---

[1] Although not all charges are asserted against each defendant, the indictment charges a conspiracy in violation of 18 U.S.C. § 371 predicated on violations of 18 U.S.C. § 1203(a), hostage taking (Count 1); and 8 U.S.C. § 1324(a), transporting and harboring illegal aliens (Count 3). The indictment also charges aiding and abetting in violation of 18 U.S.C. § 2, predicated on violations of 18 U.S.C. § 1203(a), hostage taking (Count 2);and 8 U.S.C. § 1324(a), harboring illegal aliens (Count 4). Movant was also charged with a violation of 8 U.S.C. § 1324(a), unlawfully transporting illegal aliens (Count 5).

[2] Unless otherwise stated, all referenced documents refer to the number assigned in the underlying criminal action.

On May 9, 2005, the Fifth Circuit Court of Appeals granted the government's unopposed motion to vacate the sentence and remanded the case for re-sentencing. *See United States v. Andrade-Castaneda*, 127 Fed. Appx. 741 (5th Cir. 2005) (per curiam). On remand, movant was sentenced to a total of 240 months of imprisonment, followed by three years of supervised release.(6/22/05 Judgment, doc. 293). On November 9, 2006, after movant appealed his sentence, the Fifth Circuit Court of Appeals again remanded the case for re-sentencing after determining that this Court had made a sentencing guideline miscalculation. *See United States v. Andrade-Castaneda*, 205 Fed. Appx. 233 (5th Cir. 2006). On remand, movant was re-sentenced to 180 months total imprisonment, followed by three years of supervised release. (Amended Judgment, doc. 315). On December 5, 2007, the Fifth Circuit Court of Appeals affirmed the judgment in movant's criminal case. *See United States v. Andrade-Castaneda*, 256 Fed. Appx. 731 (5th Cir. 2007).

In April 6, 2009, movant filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. (*See* Mot. Correct, Amend, or Vacate Sentence & Conviction, doc. 329 [hereinafter "Mot. Vacate"]). On May 11, 2009, movant filed a brief in support of his motion wherein he claims (1) trial counsel was ineffective for failing to object to perjured testimony; (2) trial counsel was ineffective for failing to investigate the government's witnesses' written statements; (3) the trial court abused its discretion in declining to grant a mistrial and the government committed misconduct by threatening to charge co-defendants with crimes they did not commit; (4) the government committed misconduct by not having counsel present during the photographic identification of movant; and (5) the prosecution did not prove every element of conspiracy to commit hostage taking and did not prove every element of one of the sentence enhancements. (*See* "Brief for 28 U.S.C. § 2255", doc. 4 in civil case [hereinafter "Brief"]). In its response, the

government argues that movant's fifth claim is not cognizable on collateral review because it is, in essence, a sufficiency of the evidence claim, and that a portion of this ground for relief was, in any event, already decided on direct appeal. The government further contends that movant's third and fourth claims are procedurally barred because he did not raise these issues either at trial or on direct appeal. (*See* Resp. in Opp'n, doc. 10 in civil case [hereinafter "Resp."]). Movant thereafter filed a motion for discovery and a reply to the government's response in which he requests certain documents and in which he maintains that his sufficiency of the evidence claim is not procedurally barred. (Petr.'s Mot. for Disc. and Reply, doc. 12 in civil action [hereinafter "Mot. Discovery" or "Reply"]).

## II. PROCEDURAL BAR

Respondent argues that Claims 3 and 4 are procedurally barred from federal habeas review because movant did not raise these issues at trial or on direct appeal. Because it appears that movant is entitled to no relief on the alleged procedurally barred claims, the Court bypasses this procedural issue and proceeds to the merits of the claims. *Cf. Busby v. Dretke*, 359 F.3d 708, 720 (5th Cir. 2004) (recognizing in § 2254 context that circumstances may warrant bypassing a question of procedural default when the allegedly barred claim is more easily resolved "by looking past any procedural default").

## III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In his first and second grounds for relief, movant asserts that his trial counsel was ineffective for failing to object to perjured testimony given by government witnesses and for failing to investigate proffered statements given by government witnesses.

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel

for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, movant must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Likewise, conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Movant first contends that trial counsel was ineffective for failing to bring to the Court's attention that the government presented perjured testimony from two witnesses. Movant, however, presents no evidence in support of his claim that the two witnesses perjured themselves other than

copies of the transcript containing the testimony in question and his statement that the witnesses lied. "Counsel cannot be deficient for failing to press a frivolous point." *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995). Nor is "counsel . . . required to make futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Likewise, in his second ground for relief, movant asserts that trial counsel was ineffective for not "investigating" statements made by government witnesses. Movant appears to argue that, had counsel done so, it could have been proven that the witnesses lied when they testified that movant carried a gun. However, the testimony movant directs this Court to review is testimony given at trial by two different witnesses that movant was not observed carrying a weapon. This testimony was elicited by movant's trial attorney, Steven Bush. (R. III:449, 480). It is not clear, therefore, how these excerpts of testimony from movant's trial support his claim. As noted earlier, mere conclusory allegations are insufficient to raise a constitutional issue in a habeas proceeding. *Miller v. Johnson*, 200 F.3d at 282. Moreover, movant has presented no evidence in support of his assertion that his attorney did not review statements made by witnesses. And, movant has not shown any prejudice because he has shown no reasonable probability that, had his attorney acted differently, there is a reasonable probability that he would not have been found guilty at trial. For the foregoing reasons, movant's claims of ineffective assistance of counsel entitle movant to no relief in this action.[3]

## IV. TRIAL COURT ERROR

In his third ground for relief, movant asserts that this Court erred in sustaining an objection and in not granting a mistrial under Rule 608 of the Federal Rules of Civil Procedure when

---

[3] Moreover, to the extent that movant contends in his fifth ground for relief that his trial attorney was ineffective for failing to move for a directed verdict again at the end of trial, as noted by the government, counsel did move for acquittal at the conclusion of trial (R. IV:673-74), and this motion was denied by the Court. Moreover, even had counsel not re-urged his motion for a directed verdict, movant has shown no reasonable probability that it would have been granted by the Court. This claim of ineffective assistance of counsel is therefore also without merit.

movant's trial attorney was not permitted to question a government witness about whether one of the victims paid income taxes on money he was paid for work performed in the United States as an illegal alien. Movant further asserts that this ruling demonstrated a bias on the part of this Court.

During trial, movant's attorney attempted to question Special Agent Hlavac about whether the immigrants who movant was charged with taking hostage had paid taxes on any income they might have received while working in the United States as parolees. The government's objection to this line of questioning was sustained. (R. IV:620-21). Movant asserts that counsel should have been permitted to pursue this line of questioning under Rule 608 of the Federal Rules of Civil Procedure.

This is no Rule 608 of the Federal Rules of Civil Procedure. To the extent that movant is asserting that the trial court erred in not permitting the cross-examination of the government witness about taxes witnesses allegedly did not pay under Rule 608 of the Federal Rules of Evidence, Rule 608(b) permits counsel to cross-examine a witness about specific instances of conduct by that witness or another witness if, in the discretion of the court, the specific instances of conduct are probative of truthfulness or untruthfulness. FED. R. EVID. 608(b). Movant has failed to show that the Court abused its discretion in denying the cross-examination. Counsel stated that the reason why he wished to ask the special agent about income taxes being paid was because obeying the laws of the United States was a condition of parole. (R. IV:621). Counsel did not state that he was attempting to question the agent in an effort to impeach particular government witnesses' character for truthfulness. Accordingly, this line of questioning was not permissible under Rule 608 and, indeed, the Court stated on the record that it was improper impeachment under Rule 608. (R. IV:636). Moreover, even were movant to demonstrate that the Court abused its discretion, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range

of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). Movant has not shown that any alleged error by this Court was a transgression that violated movant's constitutional rights.

With regard to movant's contention that the Court demonstrated bias when it denied his motion for mistrial, movant appears to be referring to the reason why defense counsel requested a motion for mistrial. Defense counsel stated that he was seeking a motion for mistrial because he believed that the Court made an improper comment on the weight of testimony when it sustained the objection. In sustaining the objection, the Court stated that the immigrants, by being parole by the government, had been given a benefit. (R. IV:621, 635). Judges have the "duty to conduct the trial carefully, patiently, and impartially." *United States v. Carpenter*, 776 F.2d 1291, 1294 (5th Cir. 1985) (quoting *Moore v. United States*, 598 F.2d 439, 442 (5th Cir. 1979)). They "must be above even the appearance of being partial to the prosecution." *Id.* To determine whether a judge has "overstepped the limits imposed on the judge's conduct," the courts "view the proceedings as a whole." *Id.* "In reviewing a claim that the trial court appeared partial, [the courts] must determine whether the judge's behavior was so prejudicial that it denied the [defendant] a fair, as opposed to a perfect, trial." *United States. v. Saenz*, 134 F.3d 697, 702 (5th Cir. 1998) (citation and internal quotation marks omitted). Movant complains about one of the Court's comments when an evidentiary ruling was made. However, when the trial is viewed in its entirety, movant has not shown the judge's behavior was so prejudicial as to have denied movant a fair trial. This ground is without relief.

## V. PROSECUTION ERROR

In his third ground for relief, movant also contends that the government committed misconduct when it threatened to charge co-defendants with crimes they did not commit, thereby coercing them into testifying and giving them a motive to lie. In his fourth ground for relief, movant asserts that the government erred and violated his Sixth Amendment right to counsel by not having movant's counsel present when government witnesses were shown photographic line-ups. With regard to movant's third ground for relief, movant has presented no evidence in support of this conclusory allegation, and it therefore cannot be a basis for relief. With regard to his fourth ground for relief, in *United States v. Ash*, 413 U.S. 300, 321 (1973), the Supreme Court held that a an indicted defendant has no Sixth Amendment right to have counsel present when the government shows photographic line-ups to witnesses in an attempt to identify an offender. Accordingly, movant's third and fourth grounds for relief are without merit.

## VI. SUFFICIENCY OF THE EVIDENCE

Finally, in his fifth ground for relief, movant argues that the government did not prove every element of the offenses of conspiracy to commit hostage taking and hostage taking. Movant further claims that the government did not prove every element necessary to enhance his sentence six levels due to a ransom demand.

With regard to movant's contention that the evidence is insufficient to support his conviction for conspiracy to commit hostage taking and hostage taking, movant's sole argument that the evidence is insufficient is that the victims were not innocent because they were in the country illegally, and the definition of a hostage in Black's Law dictionary is an innocent person held captive by another. (Brief at 5). However, the statute movant was convicted of violating states that it is a crime to seize and detain and threaten to kill, injure, or continue to detain another person

8

in order to compel a third person to do an act as a condition of release of the detained person. The statute does not require that a detained individual be innocent of all wrongdoing in his or her life. *See* 18 U.S.C. § 1203(a). Accordingly, movant's argument is without merit.

With regard to the sentence enhancement, this issue was previously decided on direct appeal. The Fifth Circuit held that this Court had not clearly erred in assigning the six-level increase. *United States v. Andrade-Castaneda*, 205 Fed. Appx. 233 (5th Cir. 2006). Defendants who collaterally attack their federal convictions may not raise grounds previously raised on direct appeal. *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997). "The appellate process does not permit reruns." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979). Moreover, it is well established that the technical application of the sentencing guidelines is not subject to collateral review under 28 U.S.C. § 2255. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Movant is therefore not entitled to relief based upon his fifth ground for relief.

## VII. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief on the claims raised in his motion to vacate.

## VIII. REQUEST FOR DISCOVERY AND APPOINTMENT OF COUNSEL

With regard to movant's request for discovery and for the appointment of counsel (doc. 12), under Rule 6(a) of the "Rules Governing Section 2255 Cases in the United States District Courts," a federal habeas petitioner may invoke the discovery process "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."

*See* Fed. R. 6(a) Governing § 2255 Cases. In order to determine whether a habeas petitioner is entitled to discovery, a federal court must first identify the "essential elements" of his claims for habeas relief for which he seeks discovery. *Id.* Then, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is...entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Id.* at 908-9, *citing Harris v. Nelson*, 394 U.S. 286, 300 (1969). Nevertheless, the Fifth Circuit has repeated stated that Rule 6 does not authorize fishing expeditions and that conclusory allegations are not enough to warrant discovery. *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997); *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir 1996); *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). Movant asserts that he is entitled to discovery because his trial attorney did not give him the documents he requested. However, movant included with his motion for discovery a letter from his attorney indicating that his complete files were forwarded to movant, with the exception of legal research and copies of checks written by the firm for movant's criminal case. Movant further asserts that he wants copies of reports regarding the immigration and tax status of the illegal aliens involved in movant's case, certain testimony, and jury instructions. Movant has not shown, however, that if he received the documents he requests, he would be able to demonstrate that he is entitled to relief. As noted earlier, much of movant's allegations are conclusory. The same is true of his request for discovery. Accordingly, movant is not entitled to the discovery he seeks. Moreover, because this Court has determined that no evidentiary hearing is necessary, no appointment of counsel is required under Rule 8(c) of the Rules governing Section 2255 proceedings.

## IX. CONCLUSION

For the foregoing reasons, the Court **DENIES** movant's Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255. The Court further **DENIES** movant's request for discovery and appointment of counsel (doc. 12).

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **DENIES** a certificate of appealability. In light of the ruling in this case, the court concludes that petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[4]

In the event of a notice of appeal, the court notes that Petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis.*

**SO ORDERED.**

**SIGNED this 5th day of January, 2010.**

JORGE A. SOLIS
**UNITED STATES DISTRICT JUDGE**

---

[4] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
> (a) **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
> (b) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.